UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
DANIEL PRESTON,                                  :     12 CV 1393 (ALC)(JLC)

                Plaintiff,           :

-against-                                                      DECLARATION IN SUPPORT
                                                                     :     OF TEMPORARY
ABSECON MILLS, INC.,                                    RESTRAINING ORDER AND
                                                                         :     PRELIMINARY INJUNCTION

                Defendant.
----------------------------------------------------------------x

       Pursuant to 28 U.S.C. § 1746, Fran M. Jacobs declares that the following facts are true and correct, subject to the laws against perjury of the United States of America:

       1.     I am a member of the firm Duane Morris LLP ("Duane Morris"), attorneys for plaintiff Daniel Preston ("Preston") in this action. I submit this declaration in support of Preston's motion pursuant to Fed. R. Civ. P. 65 for a preliminary injunction and temporary restraining order enjoining defendant Absecon Mills, Inc. ("Absecon"), its servants, agents, employees, attorneys, and representatives, and all persons in active concert or participation with it, during the pendency of this action and until final judgment, (i) from using Preston's trade secrets, disclosing Preston's trade secrets to anyone, or interfering with Preston's use of his trade secrets, and (ii) directing Absecon to allow Preston to purchase, at Absecon's cost less tax depreciation, a machine that was custom-made for use in connection with Preston's trade secrets..

       2.     On March 5, 2012, I notified Jay Safer, an attorney who has identified himself as counsel for Absecon and who accepted service of the summons and complaint on Absecon's behalf, that Preston would be appearing in Court at about 11:30 A.M. today to make an application for a temporary restraining order and preliminary injunction. A copy of my written notification is annexed hereto as Exhibit A.

3.      The reason why Preston is proceeding by order to show cause rather than by notice of motion is because Absecon has disputed that its license to use Preston's trade secrets terminated, and it has indicated that it intends to continue using his trade secrets even though it no longer has a right to do so. (A copy of a letter from Absecon's counsel to Preston "rejecting" Preston's termination of the license is annexed hereto as Exhibit B.) Because Absecon's conduct is causing Preston irreparable injury, Preston is moving by order to show cause to expedite the hearing of this matter.

4.      No prior application for the same or similar relief has previously been made.

Dated: New York, NY
       March 5, 2012

*Fran M. Jacobs*
FRAN M. JACOBS

# EXHIBIT A

# Duane Morris

**FIRM and AFFILIATE OFFICES**

NEW YORK
LONDON
SINGAPORE
PHILADELPHIA
CHICAGO
WASHINGTON, DC
SAN FRANCISCO
SAN DIEGO
BOSTON
HOUSTON
LOS ANGELES
HANOI
HO CHI MINH CITY
ATLANTA
BALTIMORE
WILMINGTON
MIAMI
PITTSBURGH
NEWARK
LAS VEGAS
CHERRY HILL
BOCA RATON
LAKE TAHOE

MEXICO CITY
ALLIANCE WITH
MIRANDA & ESTAVILLO

FRAN M. JACOBS
DIRECT DIAL: 212.692.1060
PERSONAL FAX: 212.202.6413
E-MAIL: fmjacobs@duanemorris.com

www.duanemorris.com

March 5, 2012

BY E-MAIL

Jay G. Safer, Esq.
Locke Lord LLP
3 World Financial Center, 20th Floor
New York, New York 10281-2101

Re:   Preston v. Absecon Mills, Inc.  (12 CV 1392) (ALC)(JLC)

Dear Mr. Safer:

    I am writing to advise you that we are planning to make an application for a preliminary injunction and temporary restraining order at around 11:30 A.M. today. Since the case has been assigned to Magistrate Judge Cott for general pretrial purposes, our application will be presented to him.

Very truly yours,

*Fran M. Jacobs*

Fran M. Jacobs

## Jacobs, Fran M.

**From:** Microsoft Outlook
**To:** JSafer@lockelord.com
**Sent:** Monday, March 05, 2012 9:09 AM
**Subject:** Relayed: Preston v. Absecon Mills, Inc.

**Delivery to these recipients or groups is complete, but no delivery notification was sent by the destination server:**

JSafer@lockelord.com (JSafer@lockelord.com)

Subject: Preston v. Absecon Mills, Inc.

1

# EXHIBIT B

Case 1:12-cv-01393-ALC-JLC   Document 8   Filed 03/06/12   Page 6 of 9



Three World Financial Center
New York, NY 10281
Telephone: 212-415-8600
Fax: 212-303-2754
www.lockelord.com

Jay G. Safer
Direct Telephone: (212) 812-8305
Direct Fax: (212) 303-2754
jsafer@lockelord.com

Attorneys & Counselors

February 20, 2012

<u>Via E-mail (dan@cacaoholdings.com) and First Class Mail</u>
Daniel Preston
160 Coffey Street
Brooklyn, NY 11231

  Re: <u>Your Letter dated February 16, 2012 concerning the License Agreement,
    dated August 19, 2010, between Daniel Preston and Absecon Mills, Incorporated</u>

Dear Mr. Preston:

  We have been retained to represent Absecon Mills, Incorporated ("Absecon Mills") in this matter. Absecon rejects your right to terminate the License Agreement dated August 19, 2010 ("License Agreement") set forth in your letter of February 16, 2012, and your basis and characterization that Gaily Von Schlichting's email dated February 9, 2012, "acknowledged repeated, material, and continuing breaches" with respect to Absecon's payments to you. My client believes that it is you who have failed to perform as required under the agreement including, but not limited to, the failure to deliver the Licensed Technology, the failure to devote a reasonable amount of time and use your commercially reasonable efforts to assist Absecon in exploiting the Licensed Technology, the failure to attend meetings and not providing advance notice, the failure to provide samples, and the failure to submit hours expended under the agreement with the Office of Naval Research ("ONR"). Your assertion that monies are due and owing under the agreement is not well founded considering you have not reasonably performed those contractual obligations for which you are accountable. Absecon has remained hopeful that you would satisfy your obligations under the License Agreement. Regretfully, your recent conduct suggests you are no longer interested in fulfilling your end of the bargain.

  Absecon further believes that your conduct has delayed, hindered and frustrated Absecon's efforts to fulfill its obligations under the contract with ONR and under the License Agreement. Inasmuch as you have failed to perform your services, undertakings, obligations and promises under Section 11 of the License Agreement and have acted in a continuously adversarial manner with Absecon personnel, it clearly follows that you have no claim for breach. Moreover, you are not entitled to be paid for services you did not render pursuant to your obligations under Section 11. I understand you accepted and agreed to Absecon's payments on a different and periodic basis on numerous occasions, including as a result of fire damage and business conditions resulting therefrom. Absecon has communicated to you that your claim that Absecon owed you $480,000 was inaccurate and not correct. I understand that you failed to

Daniel Preston
February 20, 2012
Page 2

confirm or acknowledge the recent wire transfer of $45,000 sent to you a week ago on the basis that you needed to "check with your accountant."

Moreover, Absecon also objects to your continuing deliberate and reckless conduct that is aimed at damaging Absecon's financial position and its industry reputation built up over the past 35 years. Absecon has come to the unfortunate realization that you have made improper ex parte communications with the Office of Naval Research ("ONR") concerning this matter. Absecon learned that you sent to ONR a copy of your purported termination letter of February 16, 2012, and informed individuals there that Absecon owed you $500,000. Rather than privately handling this with Absecon, you publicized to personnel at ONR what you believe to be purported breaches and inadequacies on the part of Absecon Mills. These statements were not only unnecessary, but they have damaged and will continue to damage the reputation and relationships of Absecon Mills, including, but not limited to, ONR. Absecon also believes you may have led ONR to believe you purchased the Liba machine, rather than Absecon, when you were not a party to that contract. As you are aware, Absecon's contract with ONR is the basis for future success of Absecon's endeavor. Any efforts of disparagement and interference with Absecon's contract and relationship with ONR has adversely affected and would continue to adversely affect Absecon's business with ONR in the future.

In addition, Absecon understands you and two individuals, who you invited as "your guests" to visit the Absecon premises without first providing to Absecon management the names and other identifying information of your guests, met privately with two of Absecon's key employees charged with work on the ONR contract at an off-site restaurant. Absecon understands that the employees were queried about their work on the ONR contract and the results being obtained. Absecon learned that your guests expressed an interest in acquiring a controlling equity interest in the company and believes the offsite meeting was the beginning of your campaign to lure its key employees away from Absecon to work for another entity that would compete against Absecon in projects like the ONR contract. Absecon understands that its confidential and proprietary information was part of the discussions. Absecon has also learned that you have communicated with these Absecon employees about the dispute arising under the License Agreement, which is separate from any work performed under the ONR contract, and that you have stated to the employees that the ONR contract is being shut down and they will not have a job in a matter of weeks or even days. Absecon objects to any efforts by you to interfere with Absecon's employment of these two employees engaged in work on the ONR contract.

This conduct has placed Absecon Mills' reputation and business relationships at risk. Disrupting and interfering with Absecon Mills' internal operations and current and future projects is a serious matter which would cause irreparable harm to Absecon. Absecon reserves all its rights and claims to seek appropriate relief and damages.

Absecon hereby demands you cease and desist from any conduct, actions or efforts to disparage Absecon to third parties, to interfere with Absecon's contract and relationship with ONR or with any other Absecon business relationships in the industry, and to cease communications with Absecon's employees in an effort to have them leave Absecon or to convince them the ONR project is a "failure" or will "terminate and not continue" as Absecon understands you have done.

Daniel Preston
February 20, 2012
Page 3

      Without waiver and prejudice to Absecon's ability to pursue any and all claims stemming from these events, Absecon is still prepared to try and resolve these differences amicably. Absecon is willing to do this because it wants to focus on the business and attempt to work out its differences. However, if you choose to litigate, as your letter suggests, be assured Absecon will protect and vigorously defend its rights to prevent its business from being harmed and destroyed, and will vigorously and aggressively pursue all available causes of action and remedies against you.

                                                         Yours very truly,

                                                         Jay G. Safer