UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DANIEL PRESTON,<br>                      Plaintiff,<br>-against-<br>ABSECON MILLS, INC.,<br>                      Defendant. | 12 CV 1393 (ALC)(JLC)<br><br>DECLARATION OF WILLIAM SPANO PURSUANT TO 28 U.S.C. § 1746 IN SUPPORT OF ABSECON'S OPPOSITION TO PLAINTIFF'S MOTION FOR A TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION |

      I, William Spano, declare that I have personal knowledge of the following facts and that they are true and correct:

      1.     I make this declaration in opposition to Plaintiff Daniel Preston's ("Preston" or "Plaintiff") motion for a temporary restraining order and preliminary injunction.

      2.     I am a textile engineer and the Vice President of Manufacturing, Innovation and Development at Absecon Mills, Inc., the Defendant ("Absecon" or "the company") with a total of over 43 years of experience, about 9½ years of which I focused in ballistic fabrics. I have a Textile Degree from the School of Engineering at Auburn University. I have worked for several fabric companies, including Lincoln Fabrics. There I started a plant from the ground-up for production of material for outer technical vests and improved outer technical vests for the military. This work involved ballistic research and development. At the time I worked at the plant, the plant generated $40-45 million per year. As plant manager, I also oversaw the production of 30-40,000 yards of fabric a week for provisions to police and military. I was hired by Absecon in December 2007 to initiate a ballistic weaving program for the company.

      3.     Before arriving at Absecon, I believed the industry trend in 2008 was going towards use of multi-axial and unidirectional weaving processes. While I was in South Carolina,

1

I was informed that American Liba, Inc. ("American Liba") had developed machinery to handle multi-axial weaving.

4. In the first and second quarters of 2010, while employed by Absecon, I engaged American Liba personnel about their machine and equipment they had designed specifically to handle multi-axial weaving processes. It was then that I met Christian Wienands and he visited our plant location in New Jersey.

5. As an employee of Absecon in 2008, I suggested to Randolph Taylor ("Taylor") that Absecon should explore the opportunities of using multi-axial weaving for ballistic fabric. I eventually introduced David Adair of Absecon and Taylor to Christian Wienands at American Liba.

6. I was in attendance at the August 2010 meeting between Christian Wienands, Randolph Taylor, Daniel Preston, and David Adair where Daniel provided a glimpse of a sample of fabric purporting to have extraordinary capabilities. I remain skeptical that the fabric actually could function in the manner Daniel purported it would. Daniel provided absolutely no evidence that the fabric sample he showed us was capable of achieving any of the representations to the group. We asked for test data regarding velocity and outer measurable factors that supported Daniel's claim. Preston never provided any of this data or evidence to us.

7. I am not aware of any communication from Preston where he disclosed, in an engineering sense, the "Licensed Technology" under the terms of the August 19, 2010 exclusive license agreement between Preston and Randolph Taylor ("Taylor") on behalf of Absecon. Preston has never provided us written direction of how to implement the so-called Licensed Technology.

8. In my nearly 10 years of ballistic fabric expertise, I don't believe that what Preston sought to provide Absecon pursuant to the License Agreement was as novel or as viable a product capable of performing as originally represented by Preston. In fact, many of the features Preston alleges are "secrets" have been known by those in the ballistics industry going back at least 8 years or longer.

9. In my role as Vice President of Manufacturing, Innovation and Development focused on the ballistics industry, it is my opinion that Absecon has never received anything from Preston that was not already in use in the ballistics industry. Any purported Licensed Technology that may me claimed in the form of lamination is already widely used in the industry and has been used in the industry for years. Daniel Preston's technology is not commercially viable for the purposes of being mass-produced for the U.S. government.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on: March 8, 2012 in Cologne, New Jersey

*William A. Spano*
William Spano